IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GURAMI DARISPANASHVILI,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL ROSE, *et al.*,<br><br>Defendants. | CIVIL ACTION NO. 26-1035 |

### MEMORANDUM OPINION

**Rufe, J.**                                                                                                February 23, 2026

Petitioner Gurami Darispanashvili is a noncitizen from Georgia who was recently detained by the Department of Homeland Security ("DHS") under the Immigration and Nationality Act ("INA"). Before the Court is Darispanashvili's 28 U.S.C. § 2241 petition, in which he argues that DHS's imposition of mandatory detention without a bond hearing rests upon an unlawful interpretation of 8 U.S.C. § 1225(b)(2) and denies him due process.[1] The government opposes the petition and argues that its interpretation of § 1225(b)(2) is lawful and supported by the Fifth Circuit's recent decision adopting its position.[2] The Court rejects the Fifth Circuit's reasoning and concludes that Darispanashvili does not qualify for mandatory detention under 8 U.S.C. § 1225(b)(2).

### I. BACKGROUND

Darispanashvili is a citizen of Georgia who entered the United States at the Southern Border around December 21, 2024.[3] He entered without inspection, then was apprehended by

---

[1] Petition [Doc. No. 1].

[2] Defs.' Resp. Opp. Petition [Doc. No. 4]; *Buentostro-Mendez v. Bondi*, --- F.4th ---, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

[3] Petition ¶¶ 2, 18 [Doc. No. 1].

Customs and Border Patrol ("CBP") within the United States after his entry.[4] On December 22, 2024, Darispanashvili was released his own recognizance and was issued a Notice to Appear ("NTA") in immigration court.[5] He was charged as having entered the United States without admission or inspection.[6] Later, Darispanashvili timely filed an I-589 Application for Asylum.[7]

On February 18, 2026, Darispanashvili was arrested by Immigration and Customs Enforcement ("ICE") at a routine check-in at the ICE Philadelphia Field Office.[8] He is currently detained at the Philadelphia Federal Detention Center.[9] Darispanashvili has not received a bond hearing.[10] His detention is the product of a new DHS policy, under which "individuals present in the United State without admission or parole are now treated as applicants for admission subject to mandatory detention under § 1225(b)(2) rather than discretionary detention under § 1226(a)."[11] The Board of Immigration Appeals ("BIA") adopted this interpretation in Matter of *Yajure Hurtado*.[12]

On February 18, 2026, Darispanashvili filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241.[13] This Court ordered the government to show cause why Dairspanashvili's petition should not be granted and scheduled a hearing on the matter.[14]

---

[4] *Id*. ¶¶ 2-3.

[5] *Id*. ¶ 3.

[6] *Id*.; 8 U.S.C. § 1182(a)(6)(A)(i).

[7] Petition ¶ 4 [Doc. No. 1].

[8] *Id*. ¶ 5.

[9] *Id*. ¶ 1.

[10] *Id*. ¶ 41.

[11] *Yilmaz v. Warden of the Fed. Det. Ctr. Phila.*, No. 25-6572, 2025 WL 3459484, at *1 (E.D. Pa. Dec. 2, 2025) (quoting *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307, at *2 (E.D. Pa. Nov. 19, 2025)).

[12] 29 I. & N. Dec. 216 (B.I.A. 2025); *see* Petition ¶¶ 7, 31 [Doc. No. 1].

[13] Petition [Doc. No. 1].

[14] 2/18/2026 Order [Doc. No. 2].

Thereafter, by stipulation of the parties, the Court cancelled the show cause hearing and resolved to decide the case on the briefs.[15]

## II. LEGAL STANDARD

Federal district courts are authorized to grant a § 2241 motion where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States."[16] The petitioner has the burden of showing that the detention violates the Constitution of the United States or federal law.

## III. DISCUSSION

As a preliminary matter, this Court finds that it has jurisdiction to review Darispanashvili's claims under the INA. The government has not challenged this Court's jurisdiction, and this Court independently finds that any jurisdiction-stripping provisions of the INA do not apply.[17]

Next, the Court must consider the merits of the issue: whether mandatory detention provided for in § 1225(b)(2) extends to noncitizens who, despite not being admitted or paroled, have resided in the United States for an extended period of time. This question has repeatedly

---

[15] 2/20/2026 Order [Doc. No. 6].

[16] 28 U.S.C. § 2241(c)(3); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("[T]he Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." (citations and quotation marks omitted)).

[17] 8 U.S.C. § 1252(g), 8 U.S.C. § 1252(a)(2)(B)(ii), and 8 U.S.C. § 1252(b)(9) do not apply to this case. Section 1252(g) bars review of "any cause of claim . . . arising from the decision or action of the Attorney General to [1] commence proceedings, [2] adjudicate cases, or [3] execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). It does not reach Darispanashvili's petition, which challenges only his detention without a bond hearing, not the commencement of removal proceedings.

The limit on federal review in § 1252(a)(2)(B)(ii) concerns only a "decision or action of the Attorney General or the Secretary of Homeland Security" that is committed to those official's discretion. Authority under the detention statute is not a matter of discretion, *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001), so § 1252(a)(2)(B)(ii) does not preclude this Court's consideration of Darispanashvili's petition.

Finally, § 1252(b)(9) "does not strip jurisdiction when aliens seek relief that courts cannot meaningfully provide alongside review of a final order of removal." *E.O.H.C. v. Secretary of United States Department of Homeland Security*, 950 F.3d 177, 186 (3d Cir. 2020). Darispanashvili's argument that he is unlawfully detained does not challenge his removal. § 1252(b)(9) does not apply.

been addressed by district courts, which have resoundingly ruled in favor of ICE detainee petitioners. In this District, each of the dozens of decisions addressing the issue has found that the scope of § 1225(b)(2) does not extend to the petitioners.[18] Regardless, "[t]his Court considers each case on an ad hoc basis, and its rulings turn on the facts of each case at issue."[19]

The tools of statutory interpretation weigh against a reading of § 1225(b)(2) that applies to Darispanashvili. The unambiguous plain meaning of an "applicant for admission" who is "seeking admission" is a noncitizen at a port of entry seeking to cross into the United States, not someone who has already resided in the United States for years.[20] Rather, the detention of noncitizens like Darispanashvili, who have long been present in the United States, "is governed by § 1226(a), which entitles them to a bond hearing before continued detention is permitted."[21] Section 1226(a)'s predominance is further underscored by the titles of § 1225 and § 1226, as

---

[18] *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (noting that, as of November 18, 2025, 282 of 288 district court decisions had found that the application of § 1225(b)(2) to noncitizens residing in the United States is unlawful); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Patel v. McShane*, No. 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Phila.*, No. 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025); *Flores Obando v. Bondi*, No. 25-6474, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025); *Yilmaz v. Warden of the Fed. Det. Ctr. Phila.*, No. 25-6572, 2025 WL 3459484 (E.D. Pa. Dec. 2, 2025); *Conde v. Jamison*, No. 25-6551, 2025 WL 3499256 (E.D. Pa. Dec. 5, 2025); *Bhatia v. O'Neill*, No. 25-6809, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025); *Anirudh v. McShane*, No. 25-6458, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025); *Picon v. O'Neill*, No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025). There have been a multitude of additional decisions ruling against the government since December 15, 2025. Gov't Resp. at 2 n.1 [Doc. No. 4.]; *see, e.g.*, *Kanaut v. Rose*, No. 25-6869, 2026 WL 36690 (E.D. Pa. Jan. 6, 2026); *Francois v. Noem*, No. 25-7334, 2026 WL 27565 (E.D. Pa. Jan. 5, 2026); *Lara Cordon v. Jamison*, No. 25-6937, 2025 WL 3756948 (E.D. Pa. Dec. 29, 2025)*; Kumar v. McShane,* No. 25-6238, 2025 WL 3722005 (E.D. Pa. Dec. 23, 2025).

[19] *Diallo v. Bondi*, No. 25-7421, 2026 WL 36534, at *2 (E.D. Pa. Jan. 6, 2026).

[20] *Yilmaz*, 2025 WL 3459484, at *3; *Centeno Ibarra*, 2025 WL 3294726, at *5.

[21] *Yilmaz*, 2025 WL 3459484, at *3; *see also Centeno Ibarra*, 2025 WL 3294726, at *4-7; 8 C.F.R. § 1236.1(c)(8), (d)(1) (stating that bond is available to noncitizens detained under § 1226(a) and that "the immigration judge is authorized to exercise the authority . . . to detain the [noncitizen] in custody, release the [noncitizen], and determine the amount of bond").

4

well as by agency practice, the rule against superfluity, recent amendments to § 1226, and the canon of constitutional avoidance.[22]

The Court need not defer to, and indeed rejects, the reasoning of the Fifth Circuit in *Buenrostro-Mendez v. Bondi* that "an 'applicant for admission' is necessarily someone who is 'seeking admission.'"[23]

Statutory language "cannot be construed in a vacuum. It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme."[24] The language of § 1225(b)(2)(A) supports limiting this section to noncitizens who are just arriving or have recently arrived in the country. The phrase "seeking admission" connotes present, ongoing action. "Because some affirmative, present action is required, this phrase cannot apply to all noncitizens already residing in the United States."[25] The Fifth Circuit's reasoning is therefore inconsistent with the plain meaning of the statute.

The Fifth Circuit and the government's interpretation of § 1225(b)(2)(A) also violates the rule against surplusage. "[E]very clause and word of a statute should have meaning," and "no clause, sentence, or word shall be superfluous, void, or insignificant."[26] If "an applicant seeking admission" is the same as "an applicant for admission," then "seeking admission" is superfluous.

---

[22] *See Yilmaz*, 2025 WL 3459484, at *3; *Centeno Ibarra*, 2025 WL 3294726, at *5-7.

[23] 2026 WL 323330, at *5.

[24] *Roberts v. Sea-Land Servs., Inc.*, 566 U.S. 93, 101 (2012) (cleaned up).

[25] *Centeno Ibarra*, 2025 WL 3294726, at *5.

[26] *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) (internal quotation marks omitted).

"'Congress' choice of words is presumed to be deliberate' and deserving of judicial respect."[27] Therefore, this Court must find that "seeking admission" has some additional meaning.

Further, Congress recently adopted provisions in § 1226 that would be superfluous under the government's interpretation. The new provisions require a noncitizen be detained without a bond hearing if he enters the country illegally and is subsequently convicted or charged with certain crimes.[28] "Under the government's interpretation, § 1225 would require such mandatory detention regardless of criminal charges or convictions. If this was the case, Congress would have no need to create additional requirements for mandatory detention. Congress intended these amendments to have 'real and substantial effect.'"[29]

Not only does past agency practice favor applying § 1226 to noncitizens like Darispanashvili,[30] but Congress's passage of recent amendments to § 1226 also serves as an endorsement of the longstanding past interpretation of § 1225(b)(2).[31] "When Congress adopts a new law against the backdrop of a 'longstanding administrative construction,' the Court generally presumes the new provision works in harmony with what came before."[32] Because Congress recently revisited the detention provisions of the INA, including § 1225 and § 1226,

---

[27] *SAS Inst., Inc. v. Iancu*, 584 U.S. 357, 364 (2018) (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 353 (2013)).

[28] 8 U.S.C. §§ 1226(c)(1)(B), 1227(a)(2)(A)(iii) (requiring a noncitizen who is deportable because of an aggravated felony be detained); Laken Riley Act, Pub. L. No. 119-1 § 2, 139 Stat. 3, 3 (2025); 8 U.S.C. § 1226(c)(1)(E) (requiring mandatory detention of inadmissible noncitizens who have been charged with or convicted of certain crimes including burglary).

[29] *Centeno Ibarra*, 2025 WL 3294726, at *6 (quoting *Bufkin v. Collins*, 604 U.S. 369, 386 (2025)).

[30] *Id*.

[31] "It is well established that when Congress revisits a statute giving rise to a longstanding administrative interpretation without pertinent change, the 'congressional failure to revise or repeal the agency's interpretation is persuasive evidence that the interpretation is the one intended by Congress.'" *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 846 (1986) (citing *NLRB v. Bell Aerospace Co*., 416 U.S. 267, 274-75 (1974) (footnotes omitted)).

[32] *Monsalvo Velazquez v. Bondi*, 604 U.S. 712, 713 (2025) (quoting *Haig v. Agee,* 453 U.S. 280, 297-98 (1981)).

and added narrow categories of noncitizens subject to mandatory detention, the Court will continue with the longstanding interpretation that § 1225 covers noncitizens who are arriving or just arrived in the United States. Therefore, the Court concludes that § 1225 does not apply to Darispanashvili.

Darispanashvili may be detained under the INA, under § 1226(a) and the applicable regulations, only if he receives a bond hearing and the evidence shows that he presents a flight risk or a risk of endangering the community.[33] There is no record evidence that suggests Darispanashvili is likely to flee or endanger the safety of others. Accordingly, a bond hearing is unnecessary, and the Court will order his immediate release.[34]

Because Darispanashvili's detention without a bond hearing violates the INA, the Court need not reach his due process argument.

## IV.    CONCLUSION

Consistent with this Court's prior decisions, DHS lacked legal authority to mandatorily detain Petitioner Gurami Darispanashvili without a bond hearing under 8 U.S.C. § 1225(b)(2). The Court will grant his petition, and an order will be entered.

---

[33] *See Yilmaz*, 2025 WL 3459484, at *3; *Centeno Ibarra*, 2025 WL 3294726, at *4, *8 n.69; 8 C.F.R. § 1236.1(c)(8), (d)(1).

[34] *See Karshranov*, 2025 WL 3188399, at *8 ("[A] habeas court has 'the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.'" (quoting *Boumediene v. Bush*, 533 U.S. 723, 779 (2008)).